**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| | * | Civil No. WDQ-05-829 |
| v. | * | Criminal No.: WDQ-03-0213 |
| | * | |
| **WALTER D. POINDEXTER** | * | |

**PETITIONER'S REPLY TO GOVERNMENT'S POST-HEARING BRIEF**

Petitioner Walter Poindexter, by and through counsel, Michael E. Lawlor, Lawlor & Englert, LLC, and pursuant to this Honorable Court's request, respectfully files the Petitioner's Reply to the Government's Post-Hearing Brief. Petitioner urges this Honorable Court to rule in favor of Petitioner by granting him leave to file a belated Notice of Appeal.

**I. ARGUMENT**

**A. The Government's Brief Misstates the Question Before the Court.**

The question before the court is not, as the Government states, solely whether Petitioner asked Mr. Tuminelli to file an appeal. Government's Brief at 4. In remanding the case for an evidentiary hearing, the United States Court of Appeals for the Fourth Circuit instructed this Court to determine whether Petitioner instructed Mr. Tuminelli to file an appeal *and* if the District Court found that no such instruction was given, the Court was to consider whether a duty to consult as to appellate rights existed, whether Mr. Tuminelli fulfilled that duty, and whether Petitioner was prejudiced by any failure to consult. *United States v. Poindexter*, 492 F.3d 263, 273

1

(4th. Cir 2007). Thus both arguments made by Petitioner in his Post-Hearing Brief are properly before the Court.

### B. The Testimony at the Evidentiary Hearing Shows That Petitioner Requested That Mr. Tuminelli File an Appeal.

The Government argues in its brief that the evidence presented at the hearing by Arcangelo Tuminelli should be credited over the testimony of Petitioner and Corporal Theresa Rhyne. In so doing, the Government dismisses the testimony of Petitioner as "self-serving", credits the testimony of Mr. Tuminelli due to his status as "one of the most respected members of this Court's bar", and essentially ignores the testimony of Corporal Rhyne because calling Petitioner's attorney was beyond the scope of her normal duties and because she had a moment of confusion regarding some legal terms. Government's Brief at 5, 9, 15-17. The Government's reliance on conclusory descriptions of witnesses' testimony is not sufficient to rebut Petitioner's earlier argument that sufficient evidence was put forth at the hearing to show that Petitioner made an unequivocal request for an appeal.

Petitioner does not challenge the Government's assertion that Mr. Tuminelli is a respected member of this Court's bar. However, being a respected member of the bar does not mean that Mr. Tuminelli practices law without ever having made an error or that Mr. Tuminelli might not correctly recollect events that happened over four years ago. When asked during the hearing whether he remembered the substance of every conversation he had with Petitioner, Mr. Tuminelli conceded that

he did not. Tr. at 87-88.

Mr. Tuminelli testified that he typically carries a caseload of twenty-five clients. *Id.* at 87. Over the five years since he represented Petitioner, Mr. Tuminelli could easily have represented over 100 different clients. It would be unreasonable for anyone to expect Mr. Tuminelli to remember in great detail every conversation he had with every client during that time. For Mr. Tuminelli to be wrong about what occurred in the days following Petitioner's trial, the Court does not have to believe that Mr. Tuminelli is not telling the truth out of animus towards Petitioner or out of a desire to cover-up a mistake. Rather, the Court can, and should, find that although many aspects of Petitioner's case were remarkable to Mr. Tuminelli, once the case was resolved in a manner that he believed was favorable to Petitioner, he was not focused on any discussion of appeals at that point and simply does not remember any discussions regarding an appeal.

The Government also references its Exhibits 2 and 3 - letters exchanged by Petitioner and Mr. Tuminelli. The Government credits Mr. Tuminelli's statement in Government Exhibit 3 that Petitioner never asked for an appeal, while discrediting Petitioner's statement in Government Exhibit 2 that he asked for an appeal. There is no reason to credit one over the other. In Government Exhibit 2, Petitioner is writing to his attorney asking follow-up questions regarding post-sentencing matters. At the time of the letter Petitioner had not filed his Motion to Vacate Sentence. The Motion to Vacate Sentence was not filed until March 24, 2008; after Petitioner would

have received his response from Mr. Tuminelli. The timeline of letters followed by the filing of the Motion to Vacate Sentence is in keeping with Petitioner asking about his appeal, learning it was never filed, and then asking the Court to grant a belated appeal.

The Government dismisses Petitioner's testimony as "self-serving". Government Brief at 9. By that definition, any time a party to a case testifies on his or her behalf, that testimony should be discredited because the party/witness stands to benefit from the outcome of the case. The application of a conclusory label such as "self-serving" does not detract that fact that Petitioner stood by his claim of having asked for an appeal on numerous occasions under a lengthy cross-examination by the Government. Although Petitioner's recollection of the details of each time he mentioned the appeal to Mr. Tuminelli was not complete, at no point did Petitioner waver from his statement that he asked Mr. Tuminelli several times for an appeal.

Finally, the Government addresses the credibility of Corporal Rhyne. The Government relies on Corporal Rhyne's testimony that calling an attorney on behalf of a client being beyond her usual duties to suggest that she never placed such a call on Petitioner's behalf. Government Brief at 16. Earlier in its brief, the Government argues the almost exact opposite point, that because Petitioner's case had certain unique circumstances as compared to other of Mr. Tuminelli's cases, his recollection of events should be given credence. *Id.* at 5. The Government cannot attempt to credit its witness's testimony by arguing a point and then using that same

point in attempt to discredit a different witness.

The Government's position that Corporal Rhyne's testimony should not be credited also relies on the fact that her recollection of events was different that Mr. Tuminelli's. *Id.* at 15-17. There is, however, nothing to suggest that Corporal Rhyne has a worse memory than Mr. Tuminelli. Further, Corporal Rhyme has no motive whatsoever to tell anything other than truth. If she did not remember the circumstances of the case, it would have been much easier for her to simply say so.

### C. A Rational Defendant in Petitioner's Situation Would Have Appealed the Sentence in Petitioner's Case.

The Government argues that no rational defendant would have wanted to appeal in this case and therefore Mr. Tuminelli had no duty to consult with Petitioner about an appeal. Government's Brief at 17-18. Accepting this argument would require the Court to overlook the wide disparity in the two possible guideline ranges in Petitioner's case. If Petitioner had been sentenced without applying the Career Offender guideline, the range would have been 51 to 63 months. Tr. at 151. Petitioner, once he was sentenced as a career offender, received a sentence of 168 months. The difference between the two ranges is almost ten years. Any rational defendant, when receiving an enhanced sentence that is almost triple the non-career offender guideline would have challenged the career offender designation on appeal.

Further, the Government fails to address the holding in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), "that courts evaluating the reasonableness of counsel's

5

performance using the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal." *Id.* at 481. As stated in Petitioner's Post Hearing Brief, Petitioner's case falls within the vast majority of cases in this judicial district.

## IV. CONCLUSION

Petitioner respectfully prays that this Court issue an order granted Petitioner permission to file a belated Notice of Appeal.

Respectfully,

/s_____
Michael E. Lawlor
Lawlor & Englert, LLC
6305 Ivy Lane
Suite 608
Greenbelt, Maryland 20770
301.474.3404

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of October 2008, a copy of the foregoing was delivered to Harry Gruber, Esq., Office of the United States Attorney, 36 South Charles Street, Fourth Floor, Baltimore, Maryland, 21201 via electronic case filing.

                                            /s_____
                                            Michael E. Lawlor